**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

FILED
U S CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
SEP 2 4 2012
BROOKLYN OFFICE

---

ELSA SALIVA,                          )        Case No.:_____
                                      )
                     Plaintiff,       )        **CIVIL ACTION**
                                      )
        -against-                     )        **CV 12 - 4794**
                                      )
MERCANTILE ADJUSTMENT BUREAU, LLC )            **COMPLAINT AND**
                                      )        **DEMAND FOR JURY TRIAL**
                     Defendant,       )
                                      )

---

Plaintiff, ELSA SALIVA, on behalf of herself (hereinafter "Plaintiff"), by and through

her undersigned attorney, alleges against the defendant, MERCANTILE ADJUSTMENT

BUREAU, LLC (hereinafter "Defendant") as follows:          GLASSER. J.

### PRELIMINARY STATEMENT

1.      This is an action for damages arising from Defendants' violation of 15 U.S.C. § 1692

*et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices.

### JURSIDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §

1692k(d).

3.      Venue is proper in this district under 28 U.S.C § 1391(b).

### PARTIES

4.      The alleged owed is the subject of transactions which are primary for personal family or

household purpose is considered a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

1

5.      Plaintiff is a natural person who speaks Spanish as a first language, speaks English with a thick identifiable Spanish accent and who at all relevant times has resided in the in Borough of Brooklyn, Kings County, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant is a company doing business in the State of New York, with its corporate office mailing address located at P.O. BOX 9016, Williamsville, NY 14231, and has acted as a "debt collector" as that term is defined by 15 U.S.C § 1692a(6). Pursuant to Defendant's website, the company purports to have additional points of contact in Rochester, NY.

## FACTUAL ALLEGATIONS

7.      On February 18th, 2010, Plaintiff retained services of Premier Debt Solvers, a debt settlement company. The agents of Premier Debt Solvers were given permission by Plaintiff to discuss and settle her enrolled accounts.

8.      On or about December 19th, 2011, agent of Premier Debt Solvers spoke to Defendant in an attempt to establish a settlement agreement for Plaintiff.

9.      On or about December 28th, 2011 at 1:44 pm, Defendant called an agent of Premier Debt Solvers, inquiring if the company established communications with Plaintiff making her aware of a proposed settlement agreement.

10.     On or about December 28th, 2011 at 2:00 pm, Defendant contacted Plaintiff directly threatening her with legal action, claiming that Defendant was going to sue Plaintiff and no one would be present to represent her.

2

11.     On or about December 28th, 2011, Defendant left a voicemail to Premier Debt Solvers identifying herself as Plaintiff requesting a call back. In the voice message, Defendant spelled out Plaintiff's last name and referred to Plaintiff's personal number as a business point of contact. Defendant spoke in clear and concise English without any Spanish accent. See attached, a transcript of the December 28th, 2011 voicemail marked **Exhibit A**.

12.     Upon information and belief, Plaintiff maintains limited English speaking capability.

13.     As a result of the acts alleged above, Plaintiff suffers from regular headaches, emotional distress and anxiety when the telephone rings.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)

14.     Plaintiff repeats the allegations contained in paragraphs 1 through 13 and incorporated them as if the same were set forth at length herein.

15.     On December 28th, 2011 at 2:00 pm Defendant mentioned to Plaintiff, that she was going to be sued and no one would be there to represent her.

16.     The telephone conversation improperly implied that the debt was of a legal nature in violation of 15 U.S.C. § 1692e(2)(A).

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(5)

17.     Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporates them as if the same were set fourth at length herein.

18.     Upon information and belief, on December 28th, 2011 at 2:00 pm Defendant mentioned to Plaintiff, that she was going to be sued and no one would be there to represent her.

19.     Defendant lacks authority to bring legal action against Plaintiff.

20.     Upon information and belief, Defendant did not sue Plaintiff to collect this debt.

21.     Defendant's mere mention of a legal action when Defendant did not intend to bring forth a legal action, or was not legally capable of doing so, is in violation of 15 U.S.C. § 1692e(5).

### COUNT III
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

22.     Plaintiff repeats the allegations contained in paragraphs 1 through 21 and incorporates them as if the same were set forth at length herein.

23.     On or about December 28th, 2011 at 2:00 pm Defendant mentioned to Plaintiff, that she was going to be sued and no one would be there to represent her.

24.     Upon information and belief, Defendant lacks authority to bring legal action against Plaintiff.

25.     Upon information and belief, Defendant did not sue Plaintiff to collect this debt.

26.     The aforementioned threats of legal action through telephonic communication made by Defendant are false and/or deceptive representations made in an attempt to collect a debt, is in violation of 15 U.S.C. § 1692e(10).

### JURY TRIAL DEMAND

27.     Plaintiff demands a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

4

a)      That an order be entered declaring the Defendant actions, as described above, are in violation of the FDCPA;

b)      That judgment be entered against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c)      That judgment be entered against the Defendant for statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

d)      That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

e)      That the Court grant such other and further relief as may be just and proper.

Dated: August 20, 2012                    Respectfully Submitted,

Attorney for Plaintiff
Michael Lupolover (ML-2616)
Law Offices of Michael Lupolover, P.C.
180 Sylvan Avenue, 2nd Floor
Englewood Cliffs, NJ 07632
Phone: (201) 461-0059
Facsimile: (201) 608-7116
Email: mlupolover@lupoloverlaw.com

# EXHIBIT A

### **Transcribed Voice Message**

Phone call placed: December 18th, 2011 at 2:27 pm

Ah yes I need to leave a message.  Uhm for uhm I'm calling in reference for Elsa Saliva. I need you to call me back please. My office number here is: uhm 917-622-5252. I understand you are trying to reach me, I do need to speak with you in reference to my account. Uhm again my name is Elsa last name is Saliva, S-A-L-I-V-A. Phone number is 917-622-5252.